UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

JERMAINE CORLEY,

                       Plaintiffs,

          -against-

THE CITY OF NEW YORK, ET AL.,

                      Defendants.

---------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT ON BEHALF OF THE CITY OF NEW YORK**

**13 CIV. 8466 (AT))**

Jury Trial Demanded

       Defendant The City of New York[1], by its attorney, Zachary W. Carter, Corporation Counsel of The City of New York, as and for its answer to the complaint, dated November 26, 2013, respectfully:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff has commenced an action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff makes allegations in his complaint as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       5.     Denies the allegations set forth in paragraph "5" of the complaint.

       6.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

---

[1] On information and belief, defendants Alexander Grandstaff and Stephen Harding have not been served in this matter.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City is a municipal corporation organized under the laws of the State of New York.

9. Denies the allegations set forth in paragraph "9" of the complaint, except respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that Alexander Grandstaff and Stephen Harding were, on November 12, 2011, employed by the City as a police Detective and Police Sergeant, respectively.

11. States that there is no paragraph "11" in the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except states that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff purports to proceed as stated therein.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office and that the claim has not been adjusted or paid.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that on November 12, 2011, a loaded weapon was recovered from inside of 340 Bainbridge Street, Apt. 1C, Brooklyn, New York.

- 3 -

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was arrested on November 12, 2011 for criminal possession of a weapon.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits on information and belief that plaintiff was arraigned under docket number 2011KN089897 for Criminal Possession of a Weapon.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits on information and belief that the charges against plaintiff were dismissed.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats the responses set forth in the previous paragraphs as is fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats the responses set forth in the previous paragraphs as is fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats the responses set forth in the previous paragraphs as is fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats the responses set forth in the previous paragraphs as is fully set forth herein..

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats the responses set forth in the previous paragraphs as is fully set forth herein..

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

48. The complaint fails to states a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest and prosecution.

**THIRD AFFIRMATIVE DEFENSE**

50. Plaintiff provoked or was at fault for the incident.

**FOURTH AFFIRMATIVE DEFENSE:**

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

**FIFTH AFFIRMATIVE DEFENSE:**

52. Punitive damages cannot be assessed against the City.

**SIXTH AFFIRMATIVE DEFENSE:**

53. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**SEVENTH AFFIRMATIVE DEFENSE:**

54. Plaintif failed to mitigate his alleged damages.

**EIGHT AFFIRMATIVE DEFENSE:**

55. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

56. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

**TENTH AFFIRMATIVE DEFENSE:**

57. Plaintiff's state law claims are barred, in whole or part, by the applicable statute of limitations.

**WHEREFORE,** defendant The City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 28, 2014

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendant CITY
                    100 Church Street
                    New York, New York 10007
                    (212) 356-3540

                    By:              /s/
                        Elissa B. Jacobs
                        Assistant Corporation Counsel

To:  David T. Roche, Esq..  BY ECF
     *Attorney for Plaintiff*